**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| POLY-CLIP SYSTEM, LLC,<br>  an Illinois Limited Liability Company, | )<br>) | No. |
|     Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| BUTTER EMPORIUM, LLC,<br>  a Texas Limited Liability Company, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**VERIFIED COMPLAINT**

NOW COMES the Plaintiff, POLY-CLIP SYSTEM, LLC, by and through its attorneys, FisherBroyles, LLP, and for its Complaint against the Defendant, BUTTER EMPORIUM, LLC states as follows:

**I.
NATURE OF ACTION**

1. This is a straightforward breach of contract case. The plaintiff manufactures and sells specialized equipment that is used primarily by food companies to seal the packaging in which such companies ship their products. The defendant bought a piece of sealing equipment from the plaintiff in May 2024. The defendant accepted the equipment and made one and only one partial payment. Defendant, however, has failed to pay the outstanding balance due on the purchase price, a sum that exceeds $100,000 as detailed below. The equipment is subject to a perfected security lien under the Uniform Commercial Code. This lawsuit seeks damages arising from the defendant's breach of contract or, as appropriate, an order of replevin permitting the plaintiff to enforce its lien and remove the equipment from the defendant's facilities.

# II
# PARTIES AND JURISDICTION

*Parties*

2. Plaintiff Poly-clip System, LLC ("Poly-clip") is a limited liability company organized and operating under the laws of the state of Illinois. It maintains its principal place of business in Mundelein, Illinois. The sole member of Poly-clip is Precitec Corp., which is an Illinois corporation with its principal place of business in Mundelein, Illinois.

3. Defendant Butter Emporium, LLC is a limited liability company organized and operating under the laws of the state of Texas. Butter Emporium maintains its principal place of business at 4141 Greenbriar Drive, Stafford TX 77477. The sole member of Butter Emporium is Mr. Levi Shosan, who is a citizen of, and resides in, Texas.

*Jurisdiction And Venue*

4. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Without limitation, the underlying contract at issue in this case was negotiated and executed within this District and payments under the parties' agreement were to be remitted to Poly-clip in this District.

# III
# FACTUAL BACKGROUND

6. Poly-clip manufactures and sells food-handling equipment. More specifically, Poly-clip produces equipment for encasing ground meat, sausage, and other food products such as butter. After the product is encased, the Poly-clip equipment then seals the product with a secure metal fastener.

7. Butter Emporium is a company that engages in the sale of, among other things, specialty butters, including encased butters.

A. *The Sales Agreement*

8. On or about May 7, 2024, Butter Emporium and Poly-clip entered into a Sales Agreement. A true and correct copy of the Sales Agreement is attached as Exhibit A.

9. Pursuant to the Sales Agreement, Butter Emporium agreed to purchase from Poly-clip a closure system generally referred to as an "FCA-80 Poly-clip Automatic Clipper" along with certain related equipment (collectively, the "Equipment"). Following delivery of the Equipment, Butter Emporium accepted the Equipment.

10. The Sales Agreement obligated Butter Emporium to pay One Hundred Twenty One Thousand Four Hundred Twenty Two Dollas and Fifty Cents ($121,422.50) plus shipping for the purchase of the Equipment.

B. *Butter Emporium Fails to Pay the Full Purchase Price.*

11. Poly-clip fully performed all its obligations under the Sales Agreement.

12. On May 10, 2024, Poly-clip issued an invoice to Butter Emporium for the full amount of the purchase price of the Equipment plus an additional sum of $649.48 for freight, resulting in a total amount due to Poly-clip of $122,071.98. A true and correct copy of the invoice is attached as Exhibit B**.** The invoice required payment of the full $122,071.98 within 10 days following presentment of the Invoice. Delinquent amounts were subject to interest pursuant to the invoice at the rate of 1.5% per month. *Id.*

13. Butter Emporium has failed to pay the full purchase price as invoiced by Poly-clip.

14. Butter Emporium has made only a single partial payment of $12,207.20 to Poly-clip against the billed invoice in the amount of $122,071.98. At no time has Poly-clip received any payment other than $12,207.20 against the billed invoice amount. At no time has Poly-clip reduced or forgiven any portion of the purchase price.

15. The outstanding balance due from Butter Emporium to Poly-clip under the Sales Agreement (before interest and costs) is therefore $109,864.78 (the "Outstanding Balance").

C. *Poly-clip Holds A Perfected Security Interest.*

16. The Sales Agreement confirmed that title to the Equipment passes from Poly-clip to Butter Emporium only upon final payment in full of all amounts due under the Sales Agreement. *See* Ex. B, Par. 10. Butter Emporium also contractually "grant[ed] to Poly-clip a purchase money security interest in such Equipment, parts, proceed, and accessories, to secure payment of such price." *Id.* Poly-clip perfected that security interest by filing a UCC Financing Statement with the Texas Secretary of State on October 16, 2024. A true and correct copy of the UCC Financing Statement is attached as Exhibit C.

D. *Butter Emporium Persists in its Failure to Pay Despite Repeated Demands.*

17. Butter Emporium failed to pay the Purchase Price within ten days after presentment of the Invoice on May 10, 2024. Rather, as noted above, Butter Emporium made a single partial payment to Poly-clip in the amount of $12,207.20 and the Outstanding Balance remains at $109,864.78, plus interest, costs, and attorneys' fees as provided in the Sales Agreement.

18. In the ensuing months since the invoice became fully payable, Poly-clip has made repeated demands (both directly and through counsel) on Butter Emporium to pay the entire Outstanding Balance or permit Poly-clip to enter the defendant's premises and remove the

Equipment. Butter Emporium has neither paid the Outstanding Balance nor permitted Poly-clip to enter onto the premises to retrieve the Equipment.

19. At no time has Butter Emporium asserted to Poly-clip that its contractual duty to pay the purchase price or the Outstanding Balance has been excused because of any alleged breach of the Sales Agreement by Poly-clip.

## COUNT I
## BREACH OF CONTRACT

20. The allegations in Paragraphs 1 through 19 are incorporated by reference into Count I.

21. Poly-clip and Butter Emporium are parties to the Sales Agreement, which is valid and enforceable.

22. Poly-clip performed all its obligations under the Sales Agreement.

23. Butter Emporium accepted the Equipment.

24. Butter Emporium has breached the Sales Agreement by failing to pay the full agreed Purchase Price. Poly-clip has been damaged as a result of the breach of contract by Butter Emporium. The Butter Emporium owes Poly-clip the Outstanding Balance plus interest at the rate of 1.5% per month plus reasonable costs and attorneys' fees.

## COUNT II
## REPLEVIN

25. The allegations in Paragraphs 1 through 19 are incorporated by reference into Count II.

26. Poly-clip received a security interest in the Equipment pursuant to the Sales Agreement. *See* Ex. A, Par. 10.

27. Poly-clip perfected that security agreement with respect to the Equipment by filing a UCC Financing Statement with the Texas Secretary of State on October 16, 2024. *See* Exhibit C. The UCC Financing Statement accurately identifies the Equipment as collateral subject to the purchase money security interest. *Id.*

28. Poly-clip retains title in and to the Equipment pursuant to the Sales Agreement and title to the Equipment has not passed to Butter Emporium. *See* Sales Agreement, Ex. A, Par. 10 ("Title to the Equipment passes to Buyer upon final payment. Until payment in full of the price for the Equipment (or payment for any replacement parts or Services), Buyer hereby grants to Poly-clip a purchase money security interest in such Equipment, parts, proceeds, and accessories, to secure payment of such price.").

29. Poly-clip is lawfully entitled to the possession of the Equipment as described in the perfected security filing. *See* Ex. C.

30. The Equipment has been wrongfully detained by Butter Emporium, which has failed to respond to multiple demands for return of the property.

31. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of any state. Nor is there any levy against the property of Poly-clip, or against it individually. Similarly, there has been no seizure under any lawful process against the goods and chattels of Poly-clip (including the Equipment), nor has any such good or chattel (including the Equipment) been held by virtue of any order for replevin against Poly-clip.

**PRAYER FOR RELIEF**

WHEREFORE, Poly-clip System, LLC, respectfully demands judgment against Butter Emporium, LLC as follows:

1. That Poly-clip be awarded general compensatory damages in an amount to be

determined at trial;

      2.      That Poly-clip be awarded interest on the Outstanding Balance at the rate of 1.5% per month in an amount to be determined at trial;

      3.      That Poly-clip be awarded its reasonable attorneys' fees and costs incurred in this action, as provided in the Sales Agreement;

      4.      That this Court enter an order of replevin authorizing Poly-clip to lawfully enter the defendant's premises and remove the Equipment, all as may be endorsed by a court of competent jurisdiction in Texas; and

      5.      That Poly-clip be awarded any such other and all relief to which Poly-clip may be entitled as a matter of law and as deemed appropriate by this Court.

DATED: April 30, 2025

*s/William F. Dolan*
William F. Dolan
William.Dolan@fisherbroyles.com
FisherBroyles, LLC
203 N. Lasalle St.
Chicago, IL 60601
Phone: (312)399-4362
*Counsel for Poly-clip System, LLC*

## **VERIFICATION**

My name is Gil Williams. I currently serve as President of Poly-clip System, LLC. I make this verification based upon my personal knowledge.

I have read the Verified Complaint in this matter and am familiar with its contents. The allegations in the Verified Complaint are true and correct to my knowledge.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 30, 2025

*s/ Gil Williams*
Gil Williams
